**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL TRACKING COMMUNICATIONS, LLC D/B/A GPS TRACKIT,<br><br>Defendant. | Civil Action No. 2:25-cv-######<br><br>**DEMAND FOR A JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") files

this Complaint against Global Tracking Communications, LLC d/b/a GPS Trackit

("GPS Trackit" or "Defendant") alleging, based on its own knowledge as to itself

and its own actions, and based on information and belief as to all other matters, as

follows:

**NATURE OF THE ACTION**

1.      This is a patent infringement action to stop Defendant's infringement of

the following United States Patents (collectively, the "Asserted Patents") issued by

the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 1 | 6,429,810 | Integrated Air Logistics System | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6429810 |

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 2 | 7,536,189 | System And Method For Sending Broadcasts In A Social Network | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7536189 |
| 3 | 7,596,391 | System and Method for Wireless Communication Between a Vehicle and a Mobile Unit | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7596391 |
| 4 | 7,599,715 | System and Method for Matching Wireless Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7599715 |
| 5 | 7,741,968 | System And Method For Navigation Tracking Of Individuals In A Group | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7741968/ |
| 6 | 7,747,291 | Wireless Communication Method | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7747291 |
| 7 | 7,783,304 | Wireless Communication Method | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7783304 |
| 8 | 9,299,044 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9299044 |
| 9 | 9,747,565 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9747565 |

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 10 | 10,671,949 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10671949 |

2.      Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

3.      Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4.      On public information and belief, Defendant Global Tracking Communications, LLC d/b/a GPS Trackit is a corporation organized under the laws of the State of Delaware with its principal place of business located at 6810 New Tampa Hwy, Suite 400, Lakeland, FL 33815.

5.      Defendant Global Tracking Communications, LLC d/b/a GPS Trackit's registered agent for service is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

6.      Fleet Connect repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8.      Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District from those regular and established places of business.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

9.      Defendant offers products and services, including through the use of Accused Products, and conducts business in this District.

10.      Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this District.

11.      Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those

accused of infringement here, to customers and potential customers located in this state, including in this District.

12.    On information and belief, Defendant owns, operates, manages, conducts business, and directs and controls the operations and employees of facilities in this District, including, but not limited to, a facility at the following address: 6810 New Tampa Hwy, Suite 400, Lakeland, FL 33815.

13.    In addition, to conduct this business, Defendant employs a number of individuals within this District.   These individuals' employment with Defendant is conditioned upon and based on their residence and continued residence within this District to further the specific infringing business activities of Defendant within the District.  *See, e.g.*, *RMA Processing Specialist*, GPS TRACKIT (last visited May 19, 2025), https://gpstrackit.applytojob.com/apply/qqFhtMTyzS/RMA-Processing-Specialist ("This full-time, onsite role [in Lakeland, FL] is critical to ensuring timely and accurate handling of returned GPS devices in a fast-paced and growing fleet services company.").

14.    Defendant's business specifically depends on employees, exclusive and non-exclusive contractors, agents, and affiliates, etc., being physically present at places in this District, and Defendant affirmatively acted to make permanent operations within this District.  *See In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017); *In re Cordis Corp.*, 769 F.2d 733, 736 (Fed. Cir. 1985).

15.    Defendant commits acts of infringement from this District, including, but not limited to, using, installing, testing of the Accused Products, selling and offering to sell the Accused Products, and inducement of third parties to use the Accused Products in an infringing manner.

## THE ACCUSED PRODUCTS

16.    Fleet Connect repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17.    Defendant uses, causes to be used, sells, offers for sale, imports, provides, supplies, or distributes one or more fleet management tracking solutions, including, but not limited to, the Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver Application/ Software/Website, Apollo ELD, GPS Trackit Telematics Devices, the Apollo ELD app, Asset Tracking Monthly Software Subscription Deposit, GPS Trackit Trailer Tracking System, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

18.    On information and belief, Defendant, using the Accused Products, performs wireless communications and methods associated with performing and/or implementing wireless communications including, but not limited to,

wireless communications and methods pursuant to various protocols and implementations, including, but not limited to, Bluetooth, IEEE 802.11, and LTE protocols and various subsections thereof, including, but not limited to, 802.11b and 802.11n.

19.     On information and belief, Defendant, using the Accused Products, performs singular value decomposition of estimated channel matrices, transmit data over various media, compute time slot channels, generate packets for network transmissions, perform or cause to be performed error estimation in orthogonal frequency division multiplexed ("OFDM") receivers, and various methods of processing OFDM symbols.

20.     Defendant, using the Accused Products, also tracks, analyzes, and reports vehicle maintenance needs and driver warnings associated with a vehicle, tracks or causes to be tracked vehicle locations, and allows for communication between a system administrator and a remote unit to communicate, e.g., advisory notifications.

21.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,429,810

22.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

23.     For purposes of this Count I, the "Accused Products" include Fleet Management Software, GPS Trackit Cloud Website/Application, Asset Tracking Monthly Software Subscription Deposit. GPS Trackit Trailer Tracking System, including Telematics Devices, ("Trailer Tracking System"), and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

24.     The USPTO duly issued U.S. Patent No. 6,429,810 (the "'810 patent") on August 6, 2002, after full and fair examination of Application No. 09/774,547 which was filed January 31, 2001.

25.     Fleet Connect owns all substantial rights, interest, and title in and to the '810 patent, including the sole and exclusive right to prosecute this action and enforce the '810 patent against infringers and to collect damages for all relevant times.

26.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '810 patent.

27.     The written description of the '810 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been

considered conventional or generic in the art at the time of the invention.

28.     Defendant has directly infringed the claims of the '810 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

29.     For instance, as just one example of infringement, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '810 patent, as detailed in the claim chart attached hereto as **Exhibit A**.

30.     For example, as detailed in Exhibit A, Defendant, when using the Accused Products, performed a method of providing container status information to a user.  The method included attaching an electronic communications unit to a shipping container; generating a transaction identification code, wherein said transaction identification code is specific to said shipping container and specific to at least one user transaction; initiating a status inquiry utilizing said transaction identification code, wherein said user performs said initiating step; receiving said status inquiry by a ground communications system; transmitting said status inquiry to said electronic communications unit by said ground communications system; obtaining a status information response by said electronic communication unit; transmitting said status information response to said ground communications system by said electronic communications unit; and forwarding

said status information response to said user by said ground communications system.

31.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,536,189**

32.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

33.    For purposes of this Count II, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver Application/ Software/Website, and Apollo ELD, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

34.    The United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 7,536,189 (the "'189 patent") on May 19, 2009, after full and fair examination of Application No. 12/018,588, which was filed on January 23, 2008. *See* '189 patent at 1.  A Certificate of Correction was issued on June 25, 2013.  *See*

*id.* at 22.

35.     Fleet Connect owns all substantial rights, interest, and title in and to the '189 patent, including the sole and exclusive right to prosecute this action and enforce the '189 patent against infringers and to collect damages for all relevant times.

36.     The claims of the '189 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods for broadcasting advisory communications to remote units.

37.     The written description of the '189 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

38.     Defendant has directly infringed the '189 patent by importing, selling, manufacturing, offering to sell, using, providing, supplying, or distributing the Accused Products.

39.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '189 patent, as detailed in **Exhibit B** (Evidence

of Use Regarding Infringement of U.S. Patent No. 7,536,189).

40.      For example, as detailed in <u>Exhibit B</u>, Defendant, using the Accused Products, performed a method for a system administrator to broadcast an advisory communication to at least one remote unit.  The method included accessing a website by a system administrator to send an advisory communication, the website comprising an audio-visual interface for inputting the advisory communication; filtering a plurality of remote units by the system administrator operating the website, the filtering being based upon at least one information field to determine from the plurality of remote units at least one of a first remote unit and a second remote unit to receive a broadcast of the advisory communication; assembling at least one packet of the advisory communication, the at least one packet comprising at least one of: a first packet comprising a data message for the first remote unit, and a second packet comprising a voice message for the second remote unit; forwarding the at least one packet to a router for transmission transmitting the at least one packet to alert at least one of the first remote unit and the second remote unit of the advisory communication; and storing, by the website, a log associated with the advisory communication.

41.      Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '189 patent.

42.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,596,391**

43.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

44.     For purposes of this Count III, the "Accused Products" include GPS Trackit Telematics Devices (ELD Devices), GPS Trackit Driver App, and Apollo ELD App, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

45.     The USPTO duly issued U.S. Patent No. 7,596,391 (hereinafter, the "'391 patent") on September 29, 2009 after full and fair examination by the USPTO of Application No. 12/389,252 which was filed on February 19, 2009.  A Certificate of Correction was issued on June 4, 2013.

46.     Fleet Connect owns all substantial rights, interest, and title in and to the '391 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

47.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '391 patent.

48.     The written description of the '391 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

49.     Defendant has directly infringed the claims of the '391 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

50.     For instance, as just one example of infringement, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '391 patent, as detailed in the claim chart attached hereto as **Exhibit C**.

51.     For example, as detailed in <u>Exhibit C</u>, Defendant, using the Accused Products, performed a method of wireless communication between a mobile unit and a vehicle comprising a transceiver, the method comprising: receiving a signal by the mobile unit comprising a microprocessor, the signal transmitted from the vehicle comprising the transceiver, the signal comprising a security field and a

unique identifier, advising that the mobile unit is within range of the vehicle: determining by the microprocessor if the signal is authorized, the determining comprising parsing the signal to determine the security field and the unique identifier; inputting a voice-activated input and/or a manual input from a user of the mobile unit via an audio-visual inter face associated with the mobile unit, the voice-activated input and/or the manual input is associated with a control instruction; assembling, by the microprocessor, at least one packet of a communication comprising the control instruction; transmitting the at least one packet to the vehicle comprising the transceiver; displaying that the control instruction was input by the user, and storing the communication in a communication log.

52.      Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,599,715

53.      Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

54.      For purposes of this Count IV, the "Accused Products" include Fleet

Management          Software/Website,          GPS          Trackit          Cloud

Software/Website/Application          GPS          Trackit          Driver

Application/Software/Website, and Apollo ELD, and all of the prior models,

iterations, releases, versions, generations, and prototypes of the foregoing, along

with any associated hardware, software, functionality, and applications.

55.      The USPTO duly issued U.S. Patent No. 7,599,715 (hereinafter, the "'715

patent") on October 6, 2009 after full and fair examination by the USPTO of

Application No. 12/389,245 which was filed on February 19, 2009.  A Certificate of

Correction was issued on June 25, 2013.

56.      Fleet Connect owns all substantial rights, interest, and title in and to the

'715 patent, including the sole and exclusive right to prosecute this action and

enforce it against infringers and to collect damages for all relevant times.

57.      Fleet Connect or its predecessors-in-interest have satisfied all statutory

obligations required to collect pre-filing damages for the full period allowed by

law for infringement of the '715 patent.

58.      The claims of the '715 patent are not directed to an abstract idea and are

not limited to well-understood, routine, or conventional activity.  Rather, the

claimed inventions include inventive components that improve upon the function

and operation of mobile communications system control and warning systems.

59.      The written description of the '715 patent describes in technical detail

each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

60.    Defendant has directly infringed one or more claims of the '715 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

61.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 31 of the '715 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,599,715).

62.    For example, as detailed in Exhibit D, Defendant, using the Accused Products, performed a method of tracking vehicle maintenance information by a wireless communication system, comprising:   receiving a signal transmitted by a vehicle comprising a mobile unit, the signal comprising a vehicle identifier and a status of the vehicle;  storing the signal in a first communication log, the first communication log including the vehicle identifier, a transmission time, a transmission date, and the status;   determining maintenance information associated with the vehicle, the determining comprises parsing the signal to determine the vehicle identifier and the status;    constructing a communication comprising at least one communication packet, the at least one communication

packet comprising the maintenance information, an address, and an identification of the vehicle; forwarding the at least one communication packet to a router; transmitting the at least one communication packet over the Internet by the router via the address; and storing the communication through the Internet in a second communication log.

63.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,741,968

64.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

65.     For purposes of this Count V, the "Accused Products" include GPS Trackit Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver App, Telematics Devices and other substantially similar products and services, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

66.     The USPTO duly issued U.S. Patent No. 7,741,968 (hereinafter, the

"'968 patent") on June 22, 2010 after full and fair examination of Application No. 12/143,707 which was filed on June 20, 2008.

67.     Fleet Connect owns all substantial rights, interest, and title in and to the '968 patent, including the sole and exclusive right to prosecute this action and enforce the '968 patent against infringers and to collect damages for all relevant times.

68.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '968 patent.

69.     The claims of the '968 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems of collecting and communicating field data based on geographical location.

70.     The written description of the '968 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

71.     Defendant has directly infringed one or more claims of the '968 patent

by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

72.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 4 of the '968 patent, as detailed in the claim chart attached hereto as **Exhibit E**.

73.     For example, as detailed in Exhibit E, Defendant, when using the Accused Products, performs the method of keeping track of a group of individuals, said method comprising: receiving at a portable hand-held device current geographic location data pertaining to each of said individuals; displaying said received current geographic location data on said portable hand-held device; sending converging instructions to at least one of said individuals for allowing said individual to converge with said hand-held device; and generating ETAs pertaining to convergence between said one individual and said handheld device.

74.     Since at least the time of receiving the original complaint in this action, Defendant has indirectly infringed and continues to indirectly infringe the '968 patent by inducing others to directly infringe the '968 patent.  Defendant has induced and continues to induce customers, distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '968 patent by providing or requiring use of the Accused Products.  Defendant has

taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '968 patent, including, for example, claim 4 of the '968 patent.

75.     Such steps by Defendants include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or instructional and technical support on its website/dashboard.   Defendant has been performing these steps, which constitute induced infringement with the knowledge of the '968 patent and with the knowledge that the induced acts constitute infringement.   Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '968 patent.   Defendant's inducement is ongoing.

76.     Since at least the time of receiving the original complaint in this action, Defendant has indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '968 patent.   Defendant has contributed and contributes to the direct infringement of the '968 patent by its personnel, contractors, distributors, and customers.   The Accused Products have special features that are specially designed to be used in an infringing way and that have

no substantial uses other than ones that infringe one or more claims of the '968 patent, including, for example, claim 4 of the '968 patent. The special features constitute a material part of the invention of one or more of the claims of the '968 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

77.    Defendant had knowledge of the '968 patent at least as of the date when it was notified of the filing of this action.

78.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the rights of others, and thus has been willfully blind of Fleet Connect's patent rights.

79.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

80.    Defendant's direct infringement of the '968 patent is willful, intentional, deliberate, or in conscious disregard of Fleet Connect's rights under the patent.

81.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less

than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,747,291

82.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

83.     For purposes of this Count VI, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver App, GPS Trackit Telematics Devices (ELD Devices), Apollo ELD App, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

84.     The USPTO duly issued U.S. Patent No. 7,747,291 (the "'291 patent") on June 29, 2010, after full and fair examination of Application No. 12/546,650 which was filed August 24, 2009.  A Certificate of Correction was issued on June 18, 2013.  *See id.* at 26.

85.     Fleet Connect owns all substantial rights, interest, and title in and to, the '291 patent including the sole and exclusive right to prosecute this action and enforce the '291 patent against infringers and to collect damages for all relevant times.

86.     Fleet  Connect  or  its  predecessors-in-interest  have  satisfied  all

statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '291 patent.

87.     The claims of the '291 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems for mobile vehicle-based communications systems utilizing short-range communication links.

88.     The written description of the '291 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

89.     Defendant has directly infringed one or more claims of the '291 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

90.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 20 of the '291 patent, as detailed in the claim chart attached hereto as **Exhibit F**.

91.     For example, as detailed in Exhibit F, Defendant, when using the Accused Products, performed a method of wirelessly providing a traffic update to

a vehicle, the method comprising: storing information, at a wireless communication system, the information associated with the vehicle comprising a transceiver; receiving a communication from the vehicle, through a mobile unit comprising a microprocessor, the communication comprising identification and GPS information; interfacing the wireless communication system with a network to obtain a traffic update; sending the traffic update from the wireless communication system, through the mobile unit, to the vehicle, and storing, in a memory, information related to the communication in a communication log.

92.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,783,304

93.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

94.    For purposes of this Count VII, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Application/Website, GPS Trackit Driver Application/Website, Apollo ELD App, GPS Trackit Telematic Devices, and all of the prior models, iterations,

releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

95.     The USPTO duly issued U.S. Patent No. 7,783,304 (the "'304 patent") on August 24, 2010, after full and fair examination of Application No. 12/546,645, which was filed on August 24, 2009.  A Certificate of Correction was issued on May 28, 2013.

96.     Fleet Connect owns all substantial rights, interest, and title in and to the '304 patent, including the sole and exclusive right to prosecute this action and enforce the '304 patent against infringers and to collect damages for all relevant times.

97.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '304 patent.

98.     The claims of the '304 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of wireless communication with a mobile unit.

99.     The written description of the '304 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of

the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

100.    Defendant has directly infringed one or more claims of the '304 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

101.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claims 1 of the '304 patent, as detailed in the claim chart attached hereto as **Exhibit G**.

102.    For example, as detailed in Exhibit G, Defendant, when using the Accused Products, performed a method of wirelessly communicating with a mobile unit, the method comprising: establishing a communication link between a first mobile unit and a website; searching a list of users via a log comprising an address of a second mobile unit; outputting a match comprising the address of the second mobile unit via a display; constructing a communication comprising a plurality of information fields, the plurality of information fields comprising an address of the first mobile unit and the address of the second mobile unit; transmitting the communication from the first mobile unit, through the website, to the second mobile unit; and storing information related to the communication in a communication log.

103.      Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 9,299,044

104.      Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

105.      For purposes of this Count VIII, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver Application/ Software/Website, Apollo ELD, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

106.      The USPTO duly issued U.S. Patent No. 9,299,044 (the "'044 patent") on March 29, 2016 after full and fair examination by the USPTO of Application No. 14/480,297 which was filed on September 8, 2014.  *See* '044 patent at 1.

107.      Fleet Connect owns all substantial rights, interest, and title in and to the '044 patent, including the sole and exclusive right to prosecute this action and enforce the '044 patent against infringers and to collect damages for all relevant

times.

108.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '044 patent.

109.    The claims of the '044 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of systems and methods of managing mobile assets in the field such as personnel, equipment and inventory using handheld data management devices in the field.

110.    The written description of the '044 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

111.    Defendant has directly infringed one or more claims of the '044 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

112.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '044 patent, as detailed in the claim chart

attached hereto as **Exhibit H**.

113.     For example, as detailed in <u>Exhibit H</u>, Defendant, when using the Accused Products, performs a method comprising: accessing, at a beginning of a work shift using a handheld device, at least one template stored on a server located remotely from the handheld device, the at least one template listing tasks that are assigned to be completed before an end of the work shift; reporting a status of each of the tasks at least once during the work shift by synchronizing the handheld device to the server; and updating the at least one template stored on the server in response to the status with unfinished or new tasks.

114.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 9,747,565

115.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

116.     For purposes of this Count IX, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver Application/

Software/Website, Apollo ELD, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

117.     The USPTO duly issued U.S. Patent No. 9,747,565 ("'565 patent") on August 29, 2017 after full and fair examination of Application No. 15/071,003 which was filed on March 15, 2016.

118.     Fleet Connect owns all substantial rights, interest, and title in and to the '565 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

119.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '565 patent.

120.     The claims of the '565 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the systems and methods of managing mobile assets in the field such as personnel, equipment and inventory using handheld data management devices in the field.

121.     The written description of the '565 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim

limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

122.    Defendant has directly infringed one or more claims of the '565 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

123.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '565 patent, as detailed in the claim chart attached hereto as **Exhibit I**.

124.    For example, as detailed in Exhibit I, Defendant, when using the Accused Products, performs a method comprising: accessing a template stored on a server located remotely from a handheld device, the template listing tasks to be completed before an end of a work shift; reporting a status of each of the tasks at least once by synchronizing the handheld device to the server; and updating the template responsive to the status with unfinished or new tasks at the end of the work shift.

125.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT X: INFRINGEMENT OF U.S. PATENT NO. 10,671,949

126.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-21 above as though fully set forth in their entirety.

127.     For purposes of this Count X, the "Accused Products" include Fleet Management Software/Website, GPS Trackit Cloud Software/Website/Application, GPS Trackit Driver Application/ Software/Website, Apollo ELD, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications.

128.     The USPTO duly issued U.S. Patent No. 10,671,949 ("'949 patent") on June 2, 2020 after full and fair examination of Application No. 15/660,685 which was filed on July 26, 2017.

129.     Fleet Connect owns all substantial rights, interest, and title in and to the '949 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

130.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '949 patent.

131.     The claims of the '949 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the

claimed inventions include inventive components that improve upon the systems and methods of managing mobile assets in the field such as personnel, equipment and inventory using handheld data management devices in the field.

132.    The written description of the '949 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

133.    Defendant has directly infringed one or more claims of the '949 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

134.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '949 patent, as detailed in the claim chart attached hereto as **Exhibit J**.

135.    For example, as detailed in Exhibit J, Defendant, when using the Accused Products, performs a method comprising: accessing a template stored on a server located remotely from a handheld device, the template listing a first set of tasks to be completed in a first predetermined time period; reporting, after a time of the accessing, a status of each of the tasks of the first set of tasks by synchronizing the handheld device to the server; and updating the template

responsive to the status, the updated template including a second set of tasks to be completed in a second predetermined time period.

136.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### DEMAND FOR A JURY TRIAL

137.     Fleet Connect hereby requests a trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

138.     Fleet Connect requests that the Court find in its favor and against Defendant, and that the Court grant Fleet Connect the following relief:

a.   Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.   A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '968 patent; or, in the alternative, an award of a reasonable ongoing

royalty for future infringement of the '968 patent by such entities;

c.   Judgment that Defendant account for and pay to Fleet Connect all damages to and costs incurred by Fleet Connect because of Defendant's infringing activities and other conduct complained of herein;

d.   Judgment that Defendant's infringement of the '968 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.   Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.   That this Court declare this an exceptional case and award Fleet Connect its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.   All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>June 3, 2025</u>                  Respectfully submitted,

                                           By:<u>/s/ *Brian R. Gilchrist*_____</u>

                                           Brian R. Gilchrist, Esq. FL Bar No. 774065*
                                           **ALLEN DYER DOPPELT + GILCHRIST PA**
                                           255 South Orange Avenue, Suite 1401
                                           Orlando, Florida 32801
                                           Telephone: (407) 841-2330
                                           Facsimile: (407) 841-2343
                                           Email: bgilchrist@allendyer.com

                                           Kristin M. Whidby (FL 68604)**
                                           **ROZIER HARDT MCDONOUGH PLLC**
                                           1500 K Street, 2nd Floor
                                           Washington, District of Columbia 20005
                                           Telephone: (202) 217-0575
                                           Email: kristin@rhmtrial.com

          *Attorneys for Plaintiff FLEET CONNECT SOLUTIONS LLC*

                                           *Admitted to the Middle District of Florida