UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLEET CONNECT SOLUTIONS, LLC,

    Plaintiff,

v.

Case No. 8:25-cv-1438-KKM-AEP

GLOBAL TRACKING
COMMUNICATIONS, LLC d/b/a GPS
TRACKIT,

    Defendant.
_____

**ORDER**

Defendant Global Tracking Communications, LLC, (GPS Trackit) moves to stay this action to await final decisions from the United States Patent and Trademark Office (PTO) on the reexaminations of five patents that are at issue in this action. Mot. to Stay (MTS) (Doc. 26). Plaintiff Fleet Connect Solutions, LLC opposes the stay. Resp. (Doc. 29). For the reasons below, I grant GPS Trackit's motion.

I.   BACKGROUND

On June 3, 2025, Fleet Connect filed a complaint alleging that GPS Trackit infringed on the claims of ten patents owned by Fleet Connect: U.S. Patent Nos. 6,429,810 (the '810 Patent), 7,536,189 (the '189 Patent), 7,596,391

(the '391 Patent), 7,599,715 (the '715 Patent), 7,741,968 (the '968 Patent), 7,747,291 (the '291 Patent), 7,783,304 (the '304 Patent), 9,299,044 (the '44 Patent), 9,747,565 (the '565 Patent), and 10,671,949 (the '949 Patent). Compl. (Doc. 1) ¶ 1. In 2024, third parties directly challenged, through *ex parte* reexaminations before the PTO, the validity of eight of the patents that Fleet Connect seeks to assert. Resp. at 5. The other two asserted patents, the '189 Patent and the '715 Patent, although not challenged directly, could have their claim constructions narrowed by related reexamination proceedings. *See* MTS at 5–6, 9–10. At the time of Fleet Connect's response to the motion to stay, seven challenged patents remained pending, directly or indirectly, with the PTO: the '810 Patent, the '189 Patent, the '715 Patent, the '968 Patent, the '291 Patent, the '44 Patent, and the '565 Patent (collectively, the Remaining Patents). *See* Resp. at 5; MTS at 5–6. The PTO reexamination numbers relevant to the Remaining Patents are 90/019,774; 90/019,772; 90/019,794; 90/019,771; 90/019,764; and 90/019,803 (collectively, the Relevant Reexaminations).

Of course, if a patent "is shown to be invalid, there is no patent to be infringed." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015). Noting their potential to "moot the alleged infringement of one or more" of the patents at issue, GPS Trackit moves to stay this action until the Relevant Reexaminations conclude. MTS at 5, 8, 14. Fleet Connect opposes the motion, arguing that a stay prejudices it because a stay delays vindication of the

2

company's rights, risks "erosion of evidence," and is unlikely to simplify the case. Resp. at 6, 11, 13.

## II. LEGAL STANDARD

A request for a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citation omitted). Though the moving party has the burden to justify a stay, *id.* at 255, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This broad discretion includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988); *see Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Indeed, the "stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985), *modified on other grounds on reh'g*, 771 F.2d 480 (Fed. Cir. 1985).

When determining whether to stay litigation pending PTO reexamination, courts apply one of two sets of factors. The first is "whether a stay (1) would unduly prejudice or tactically disadvantage the opposing party, (2) would simplify the issues and streamline the trial, and (3) would lessen the burden of litigation on the court and the parties." *See, e.g., Alps S., LLC v. Ohio*

*Willow Wood Co.*, No. 8:09-CV-386, 2011 WL 899627, at *2 (M.D. Fla. Mar. 15, 2011) (citing *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)). The second set uses the same first two factors but asks "whether discovery is complete and whether a trial date has been set" rather than "whether a stay would lessen the burden of litigation." *See, e.g.*, *AT & T Intell. Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1051 (N.D. Cal. 2011) (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006)).

I apply the second test. There is not a meaningful distinction between "simplifying the issues" and "lessening the burden of litigation." Courts applying the first test often have little to nothing to say about a stay lessening the burden that they did not already say when considering the simplification factor; alternatively, they discuss the stage of discovery under the guise of evaluating the burden of litigation. *See, e.g.*, *Alps S., LLC*, 2011 WL 899627, at *2; *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2015 WL 6501131, at *3 (M.D. Fla. Oct. 20, 2015); *Freedom Sci., Inc. v. GW Micro, Inc.*, No. 808-CV-1365-T-33TBM, 2009 WL 2423095, at *2 (M.D. Fla. July 29, 2009); *Tap Pharm. Prods., Inc.*, 2004 WL 422697, at *1. The parties' briefs similarly repeat the points made regarding the simplification factor and veer into discussion of discovery. *See* MTS at 12–13; Resp. at 17–19.

4

## III. ANALYSIS

The factors weigh in favor of GPS Trackit, and a stay is warranted.

### A. There is No Undue Prejudice or Tactical Disadvantage

Fleet Connect will not suffer undue prejudice or tactical disadvantage from a stay. In its response, Fleet Connect avers that it will suffer undue prejudice because a stay will delay vindication of its rights and compound its "irreparable harm." Resp. at 10. In support of its argument that it will suffer "irreparable harm," Fleet Connect offers only the vague concern that a stay risks "erosion of evidence." *Id.* at 6.

While Fleet Connect identifies instances where courts denied a motion to stay pending PTO reexamination because of undue prejudice to the nonmovant, they are distinguishable and unpersuasive. *See Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-CV-13864, 2015 WL 5719670, at *6 (E.D. Mich. Sept. 30, 2015) (undue prejudice because the defendant initiated the reexamination proceedings one year after service of the complaint); *eCOMSYSTEMS, Inc. v. Shared Mktg. Servs., Inc.*, No. 810-CV-1531-T-33AEP, 2011 WL 280942, at *3–4 (M.D. Fla. Jan. 26, 2011) (a stay threatened the plaintiff's market share because the parties were direct competitors); *Card-Monroe Corp. v. Tuftco Corp.*, No. 1:14-CV-292, 2015 WL 11109362, at *2–3 (E.D. Tenn. Feb. 19, 2015) (same); *DataQuill Ltd. v. Blu Prods., Inc.*, No. 20-20760-CIV, 2020 WL 6135795, at *1–2 (S.D. Fla. Apr. 10, 2020) (the movant used stays of patent

5

litigation based on reexamination proceedings as a recurrent "litigation tactic," and courts and the PTO had repeatedly affirmed the validity of the patent in question). As Fleet Connect admits, third parties filed the reexamination challenges several months before Fleet Connect began this action. *See* Resp. at 5. GPS Trackit is not relying on a delay tactic. Further, Fleet Connect and GPS Trackit are not direct competitors and there are no contentions that Fleet Connect's market share is threatened by a stay. Reply in Supp. of MTS (Doc. 45) at 4. Nor has Fleet Connect pointed the Court to repeated confirmations by other courts or the PTO of the validity of the Remaining Patents.

In any event, delay alone is not undue prejudice. *See, e.g.*, *Tivo, Inc.*, 774 F. Supp. 2d at 1054 ("[D]elay inherent in the reexamination process does not constitute undue prejudice."); *3rd Eye Surveillance, LLC v. United States*, 172 Fed. Cl. 498, 504 (2024). This is especially true when, as here, only money damages are at issue. *See Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) ("[M]ere delay in collecting [money] damages does not constitute undue prejudice." (internal quotation marks omitted)). The patents that Fleet Connect seeks to enforce are expired, MTS at 7, limiting Fleet Connect to money damages. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("The expiration of [the plaintiff's] patents precludes the grant of injunctive relief and the judgment for [money damages] thus amounts to

6

adequate and full compensation under the law for [the defendant's] past violation of his patent rights.").

Fleet Connect provides nothing in support of its concern that evidence will not be available after the conclusion of the stay. Absent explanation or evidence, this conclusory statement is unpersuasive. Thus, Fleet Connect identifies no undue prejudice or tactical disadvantage it will suffer from a stay.

### B. A Stay Will Simplify Issues and Streamline Trial

Reexamination might moot as many as half of Fleet Connect's counts by invalidating the Remaining Patents. If reexamination does not invalidate entire patents, it might cancel claims that Fleet Connect contends that GPS Trackit infringed, thus narrowing the issues. *See Gould*, 705 F.2d at 1342 ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled)."). Even if the Remaining Patents emerge unscathed from reexamination, courts regularly conclude that, under such circumstances, reexamination still simplifies issues and streamlines the eventual trial. *See, e.g.*, *id.* (recognizing that the issues are still simplified "when a claim survives the reexamination proceeding" because reexamination "facilitate[s] trial . . . by providing the district court with the expert view of the PTO"); *In re Cygnus Telecomms. Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (reexamination provides "a richer prosecution history

upon which to base necessary claim construction determinations or reconsideration" (citing *Gould*, 705 F.2d at 1342)).

Fleet Connect avers that a stay will not simplify the issues before me because it believes that the PTO will confirm the validity of the Remaining Patents. Resp. at 13–14. But, as Fleet Connect admits, the outcomes of the reexaminations are unknowable. *Id.* at 14. Fleet Connect further argues that because reexamination cannot invalidate all the patents in this action, a stay will not simplify the issues or streamline the trial. *Id.* at 14–15. I disagree. The elimination of some of the claims at issue would clearly simplify matters. And, as explained above, the PTO's confirmation of validity is still helpful in adjudicating infringement claims.

### C. This Action is in Its Infancy

Only a few months have passed since Fleet Connect filed its complaint, and the action has not progressed enough to counsel against a stay. Although Fleet Connect served initial disclosures, interrogatories, and requests for production on August 22, 2025, discovery is far from complete. *See* Resp. at 19. There is no set trial date. A stay is warranted.

## IV. CONCLUSION

For the reasons above, I conclude that all the factors weigh in favor of granting a stay. The action is stayed until the Relevant Reexaminations conclude. Accordingly, the following is **ORDERED:**

8

1. Defendant's Motion to Stay (Doc. 26) is **GRANTED**.

2. Except as provided by this order, this proceeding is **STAYED**.

3. The parties are directed to file status updates on the reexamination proceedings on **April 1, 2026,** and **every ninety days** thereafter.

4. Either party may move to reopen the case if appropriate.

5. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 3, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge